# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1186V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| HEATHER PAGE, | \* | |
| | \* | |
| Petitioner, | \* | Filed: March 13, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mary Eileen Holmes*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On July 31, 2023, Heather Page filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleges that she suffered from cellulitis and left upper extremity neuropathy as the result of an influenza ("flu") vaccine she received on October 28, 2020. Pet. at 1. She further alleges that she has experienced residual effects of this injury for more than six months.

Respondent denies that the Petitioner sustained a cellulitis and left upper extremity neuropathy injury, that the flu vaccine caused Petitioner's alleged shoulder injury, or any other injury, and denies that the Petitioner's current condition is a sequelae of a vaccine-related injury.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation. Stipulation, dated March 13, 2026 (ECF No. 39) ("Stipulation").

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Stipulation awards:

- A lump sum of **$90,000.00** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Stipulation at ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

HEATHER PAGE,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 23-1186V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Heather Page ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2.  Petitioner received a flu vaccine on October 28, 2020.[1]

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered cellulitis and left upper extremity neuropathy, that was caused-in-fact by the flu vaccine.  Petitioner alleges that she experienced the residual effects of her condition for more than six months.

---

[1] Petitioner also received a Pneumovax 23 vaccine in the same arm on this date.  The Pneumovax 23 vaccine is not contained in the Vaccine Injury Table.  *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a); *see also Danberry v. HHS*, No. 20-0778V, 2020 WL 6375330, at *1 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (discussing Pneumovax-23 as not being covered by the Vaccine Injury Table).

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of the alleged injuries.

6.  Respondent denies that petitioner's alleged cellulitis and left upper extremity neuropathy were caused-in-fact by the flu vaccine, and denies that the flu vaccine caused petitioner any other injury or petitioner's current condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

> A lump sum of $90,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on October 28, 2020, as alleged in a petition for vaccine compensation filed on or about July 13, 2023, in the United States Court of Federal Claims as petition No. 23-1186V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

_Heather Page_
HEATHER PAGE

**ATTORNEY OF RECORD
FOR PETITIONER:**

_Ronald C. Hornsby by Meredith Daniels_
RONALD CRAIG HOMER _Rule 83.1(c)(2)_
Conway, Homer, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990
rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_Heather L. Pearlman_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S. Beach -S    Digitally signed by Jeffrey S.
                       Beach -S
                       Date: 2026.03.04 08:26:17 -05'00'
                                                    for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

Dated:  3·13·2026

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_Mary E. Holmes_
MARY E. HOLMES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-353-5339
mary.e.holmes@usdoj.gov

5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

HEATHER PAGE,

       Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

       Respondent.

No. 23-1186V
Chief Special Master Corcoran
ECF

## CERTIFICATE OF SERVICE

    I certify that on March 13, 2026, a true and correct copy of respondent's March 13, 2026

stipulation will be served by via electronic mail upon:

        Ronald Craig Homer
        Email: rhomer@ccandh.com

        /s/ Mary E. Holmes
        MARY E. HOLMES
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.: (202) 595-5339
        Mary.E.Holmes@usdoj.gov

DATED: March 13, 2026