# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1186V**

| | |
|---|---|
| HEATHER PAGE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 7, 2026 |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEYS' FEES AND COSTS[1]

On July 31, 2023, Heather Page filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from cellulitis and left upper extremity neuropathy as a result of an influenza vaccine she received on October 28, 2020. Petition (ECF No. 1) at 1. The parties successfully settled the case, and I issued a decision awarding compensation. *See* Decision, dated Mar. 13, 2026 (ECF No. 40).

Petitioner has now filed a motion for a final award of attorneys' fees and costs. Motion, dated Aug. 6, 2026 (ECF No. 45) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $97,746.21 (reflecting (a) $96,283.35 for the work performed by Petitioner's current counsel and staff at Conway, Homer, P.C.; and (b) $1,462.86 for the work performed by

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner's previous counsel at Berkowitz and Hanna, LLC). Mot. at 1, 2. Respondent reacted to the fees request on August 20, 2026. *See* Response, filed as ECF No. 47 ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$97,746.21**.

## I. Calculation of Fees

Because Petitioners' claim was successful, they are entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

**(A) Berkowitz and Hanna, LLC**

| | **2021** |
|---|---|
| **Kelly E. Ferraro (Attorney)** | $243.00 |
| **Paralegal** | $135.00 |

ECF No. 45, Tab B at 1–2.

Petitioner requests that I apply the hourly rate of $243.00 for 2021 attorney work, and $135.00 for work performed by paralegals in that same timeframe. Attorney Ferraro has been admitted to practice law in the State of Connecticut and was admitted to this court in 2022. Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I find the requested rates reasonable and consistent with prior Program decisions. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 20-1464V, 2023 WL 3362163 (Fed. Cl. Spec. Mstr. May 11, 2023). And the time spent on the matter was reasonable as well.

**(B) Conway, Homer, P.C.**

| | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | $350.00 | $410.00 | -- | $485.00 | $516.00 | $557.00 |
| **Ronald Homer (Attorney)** | -- | -- | $500.00 | $525.00 | $567.00 | $612.00 |
| **Joseph Pepper (Attorney)** | -- | -- | -- | $485.00 | -- | -- |
| **Christina Ciampolilo (Attorney)** | $380.00 | -- | -- | -- | $537.00 | -- |
| **Nathanial Enos (Attorney)** | -- | -- | -- | $360.00 | $390.00 | $434.00 |
| **Patrick Kelly (Attorney)** | -- | -- | -- | -- | $380.00 | $430.00 |
| **Paralegals** | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 | $223.00 |
| **Law Clerks** | -- | -- | $195.00 | -- | -- | -- |

ECF No. 45, Tab A at 1–25.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule. [3] *See Lloyd C.L. v. Sec'y of Health & Hum. Servs.*, No. 21-1332V, 2026 WL 1970934 (Fed. Cl. Spec. Mstr. June 9, 2026); *Simmons v. Sec'y of Health & Hum. Servs.*, No. 23-2049V, 2026 WL 2151165 (Fed. Cl. Spec. Mstr. June 16, 2026). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 7, 2026).

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

### (A) Berkowitz Costs

Petitioner seeks $92.61 in outstanding litigation costs incurred by initial counsel, including medical record retrieval costs. ECF No. 45, Tab B at 2. Such costs are typical in Program cases, were reasonably incurred, and are thus eligible for reimbursement.

### (B) Conway, Homer Costs

For the Conway Homer lawyers' costs, Petitioner seeks $29,816.55, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—Norman Latov, M.D. ECF No. 45, Tab A at 25–26. Dr. Latov prepared two written reports in the matter and submitted invoices reflecting a total amount of $29,000.00 (58 hours of work billed at $500.00 per hour). The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions. Again, the other litigation-related costs are commonly incurred and are reasonable herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$97,746.21** (reflecting $67,837.05 in attorneys' fees, plus $29,909.16 in costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master